[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12511

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ALBERTO ORTIZ-LOPEZ,
a.k.a. Chamale,
a.k.a. Juanito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:11-cr-00048-VMC-AAS-1

_____

Before JORDAN, BRASHER, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Juan Alberto Ortiz-Lopez, a federal prisoner at the Giles W. Dalby Correctional Institution, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance of the district court's order and to stay briefing. We discern no error in the district court's order denying Defendant's motion, and we conclude that summary affirmance is warranted. We therefore **GRANT** the Government's motion for summary affirmance and **AFFIRM** the district court's order. We **DENY as moot** the Government's motion to stay briefing.

## BACKGROUND

Defendant was indicted in 2011 on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 21 U.S.C. §§ 960(b)(1)(B)(ii), and 18 U.S.C. § 3238, and a second count of conspiracy to distribute five kilograms or more of cocaine knowing it

would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959, 963, and 960(b)(1)(B)(ii) and 18 U.S.C. § 3238. He pleaded guilty to the first count pursuant to a plea agreement that provided for the dismissal of the second count, and he was sentenced to serve 262 months in prison.

Based on information provided in the PSR, Defendant, a citizen of Guatemala, committed the above offense while acting as the leader of a Guatemalan-based cocaine trafficking organization that smuggled multi-ton quantities of cocaine into the United States between 2000 and 2010. During this time, with the assistance of numerous other individuals and organizations and using both sea and land transportation routes, Defendant purchased large quantities of cocaine and moved it to properties he owned in Guatemala and to locations near the Mexican border for ultimate sale in the United States. Over 4,500 kilograms of cocaine was interdicted by the United States in the Pacific Ocean while being transported by Defendant's organization, but the organization successfully smuggled a total quantity of more than 36,000 kilograms of cocaine that was not captured. Defendant was arrested in Guatemala in 2011 and extradited to the Unites States to face charges in 2014.

The PSR assigned Defendant a base offense level of 38 because the offense conduct involved at least 150 kilograms of cocaine, and it added two levels based on Defendant's direct involvement in importing a controlled substance into the United States and four levels based on Defendant's role as the leader of a criminal

enterprise with five or more participants. The PSR applied a three-level reduction for acceptance of responsibility and assistance with the prosecution, resulting in a total offense level of 41. Defendant's total offense level of 41 and criminal history category of I yielded a recommended guidelines range of 324 to 405 months in prison.

At sentencing, the Government moved for a two-level reduction in Defendant's total offense level based on his substantial assistance with the prosecution. The district court granted the Government's motion, which lowered Defendant's guidelines range to 262 to 327 months. The court sentenced Defendant to 262 months, the bottom of the guidelines range. After dismissing count two of the indictment pursuant to the plea agreement, the court entered final judgment against Defendant in 2015. Defendant did not directly appeal his conviction or sentence. He filed a motion to reduce his sentence in 2016, which the court denied. He subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255 and a motion to correct his sentence, the first of which the district court dismissed as time-barred and the second of which the court denied on the merits.

In 2021, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if the defendant's release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable guidelines policy

statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]  In support of his motion, Defendant argued that his conduct and rehabilitative efforts while in detention at the Giles W. Dalby Correctional Institutional constituted an extraordinary and compelling reason warranting his release.  Additionally, Defendant argued that his 262-month sentence was disparate from other similarly situated defendants and from the defendants who were sentenced in cases related to his own, further justifying his release.  Finally, Defendant argued that the COVID-19 pandemic warranted his release because he was diagnosed with hyperlipidemia and prostate hypertrophy, which he claimed put him at risk of serious infection.

The district court held that Defendant was not entitled to compassionate release under § 3582(c) because he did not present an extraordinary and compelling reason to justify his release.  Specifically, the court concluded that the COVID-19 pandemic did not, either in and of itself or in combination with Defendant's specific medical conditions, create an extraordinary and compelling reason warranting Defendant's release.  To that end, the court noted that Defendant was vaccinated and housed in a facility with a low COVID infection rate.  Addressing Defendant's disparate sentencing argument, the court explained that a sentencing disparity does not constitute an extraordinary and compelling reason for

---

[1]  A sentence reduction is also permitted by § 3582(c) under certain circumstances if the defendant is 70 years old or older and has served at least 30 years in prison, but those conditions are not met in this case.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

compassionate release per the governing policy statement of U.S.S.G. § 1B1.13.

As an alternative ground for denying Defendant's motion for compassionate release, the court determined that the § 3553(a) factors weighed against Defendant's release because of the seriousness of his crime and the need to protect the public from Defendant for the remainder of his sentence.  In support of its alternative ruling, the court emphasized that Defendant was the leader of a Guatemalan drug trafficking organization that smuggled over forty tons of cocaine into the United States over the course of more than ten years.  Given the quantity of drugs involved, Defendant's role in transporting it, and the fact that Defendant still had eight years of incarceration remaining on his sentence when he filed his motion for compassionate release, the court concluded that "the need for deterrence" weighed against his release.

Defendant appeals the district court's denial of his motion for compassionate release.  In his appellate briefing, Defendant identifies one issue for appeal:  whether the district court abused its discretion by denying his motion for compassionate release without considering each of the seven sentencing factors enumerated in § 3553(a).  In lieu of a response brief, the Government submitted a motion for summary affirmance and to stay the briefing schedule. The Government points out in its motion that Defendant failed to address in his initial briefing—and thus waived any challenge on appeal to—the district court's holding that Defendant failed to establish an extraordinary and compelling reason warranting his

release, as required for Defendant to obtain relief under § 3582(c)(1)(A)(i). As discussed below, we discern no error in the district court's order denying Defendant's motion for compassionate release, and we conclude that summary affirmance is warranted.

## DISCUSSION

### I.    Standard of Review

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once eligibility is established, we review the denial of a defendant's § 3582(c) motion under the abuse of discretion standard. *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke*

8                      Opinion of the Court                      21-12511

*Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]  Thus, summary affirmance is a tool available to this Court for cases or issues that are clearly without merit and do not warrant further discussion. *See United States v. Paradies*, 98 F.3d 1266, 1277 n.13 (11th Cir. 1996) (citing *United States v. Waymer*, 55 F.3d 564, 568 n.2 (11th Cir. 1995)).

## II.    Analysis

As amended by the First Step Act, § 3582(c) authorizes the district court to reduce a defendant's sentence if the court finds that: (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The applicable policy statement, found in U.S.S.G. § 1B1.13, echoes the statutory requirements, stating that a district court may reduce a defendant's sentence "if, after considering the factors set forth in . . . § 3553(a)," the court determines that: (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) "[t]the [d]efendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement for all

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[§ 3582(c)(1)(A)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three necessary conditions for a sentence reduction under § 3582(c):  support in the § 35553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The district court denied Defendant's § 3582(c) motion for two reasons.  First, the court found that Defendant had failed to show an extraordinary and compelling reason for his release.  Alternatively, the court determined that the § 3553(a) sentencing factors weighed against Defendant's release.  Either ground is adequate to support the district court's decision to deny Defendant's § 3582(c) motion.

As to the first ground, Defendant does not challenge the district court's determination that he failed to demonstrate an extraordinary and compelling reason warranting his release under § 3582(c).  Defendant does not identify the extraordinary and compelling determination as an issue for appeal or otherwise present any argument as to this issue in his appellate brief.  As such, Defendant has abandoned on appeal any challenge to the denial of his motion for compassionate release on the ground that he failed to show an extraordinary and compelling reason warranting his release.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."

(citations omitted)).  For that reason alone, Defendant's appeal fails and the district court's order denying Defendant's motion for compassionate release must be affirmed.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

We note also that we agree with the district court that Defendant did not provide adequate support for the claim that his medical conditions satisfy the extraordinary and compelling reason standard.  The relevant policy statement provides that a defendant's medical condition is an extraordinary and compelling reason for a sentence reduction if the defendant:  (1) has a terminal illness such as cancer, ALS, or end-stage organ disease, or (2) suffers from a serious physical or mental condition that "substantially diminishes" his ability "to provide self-care" in prison and from which he is not expected to recover.  U.S.S.G. § 1B1.13 cmt. n.1(A).  Defendant presents no argument on appeal as to his medical conditions. He argued below that he had been diagnosed with hyperlipidemia and prostate hypertrophy, but he made no attempt to show that either of those conditions is terminal or substantially diminishes his ability to provide self-care in prison.  The district court thus correctly determined that Defendant did not meet the standard for early release set out in the applicable policy statement of U.S.S.G. § 1B1.13.  *See Bryant*, 996 F.3d at 1248.

Defendant's abandonment of the extraordinary and compelling issue, and his substantive failure to demonstrate—either in his pleadings below or on appeal—an extraordinary and compelling reason for his early release is enough, in and of itself, to foreclose a sentence reduction under § 3582(c). *See Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."). But the district court also held, in the alternative, that Defendant's release was not consistent with the § 3553(a) factors. Specifically, the court determined that release was not warranted in Defendant's case because of the seriousness of his crime—namely, smuggling over forty tons of cocaine into the United States while acting as the head a Guatemalan drug trafficking ring over the course of approximately a decade. That determination was within the court's discretion. *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history"). Furthermore, clearly established precedent forecloses Defendant's argument that the district court was required to expressly reference each individual sentencing factor in its § 3553(a) analysis. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009) ("In considering the § 3553(a) factors, the district court need not discuss each of them individually.").

Defendant cites in support of his appeal this Court's decision in *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021)

holding that a district court must provide an adequate explanation for its sentencing decisions, including decisions on whether to grant relief from a sentence, so that there can be meaningful appellate review. However, a district court is not required "to articulate its findings and reasoning with great detail." *Id.* at 1185 (quotation marks and citation omitted). *See also Giron*, 15 F.4th at 1350 (noting that the reasoning for the district court's finding of no extraordinary and compelling reason for early release was "apparent in the record"). Here, the district court adequately explained its decision to deny Defendant's motion for compassionate release in its written order, which easily allows for meaningful review of the court's rationale for denying Defendant's motion: (1) Defendant did not establish an extraordinary and compelling reason for early release, and (2) the § 3553(a) factors did not weigh in favor of Defendant's release because of the seriousness of his offense, particularly the amount of drugs involved and Defendant's role as the leader of a drug trafficking organization that transported massive quantities of cocaine into the United States over the course of several years.

## CONCLUSION

As the movant, Defendant has the burden of establishing his entitlement to early release under § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The district court correctly determined that Defendant failed to meet that burden here, and Defendant failed to challenge that determination on appeal. Furthermore, the court acted within its discretion in holding, in the alternative, that the § 3553(a) sentencing factors do not

support Defendant's release.  Controlling precedent forecloses Defendant's argument as to the court's analysis of the § 3553 factors. The Government's motion for summary affirmance is thus **GRANTED** and the district court's order denying Defendant's motion for compassionate release is **AFFIRMED**.  We **DENY as moot** the Government's motion to stay briefing.